UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                **Hon. Hugh B. Scott**

                                                09CR61A

                v.                                  **Decision
&
Order**

James W. Wilson,
                     Defendant.

Before the Court is the defendant's motion seeking various pretrial relief (Docket No. 11).[1]

**Background**

On February 25, 2009, the Grand Jury for the Western District of New York indicted the defendant, James W. Wilson ("Wilson") on three counts: that on October 14, 2005 he stole $6,317 in the form of benefits from the United States Federal Management Agency ["FEMA"] in violation of 18 U.S.C. §§641 and 2 [Count 1]; that between October 14, 2005 and October 11, 2006, Wilson created false documents and devised a scheme to defraud FEMA of disaster and relocation assistance in violation of 18 U.S.C. §§1341 and 2 [Count 2]; and that between October 14, 2005 and October 11, 2006, Wilson conspired with another individual to defraud FEMA by

---

[1] To the extent the motion seeks suppression of evidence, such requests are the subject of a separate Report & Recommendation.

1

impeding, impairing, obstructing and defeating the lawful government functions in providing emergency financial assistance to individuals in violation of 18 U.S.C. §371 [Count 3]. More specifically, Wilson is charged with devising a scheme and creating false documentation, so that his then-girlfriend Valletta Simmons could file a false claim seeking emergency assistance for housing from FEMA as an alleged victim of Hurricane Rita.

**Brady and Jencks Material**

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500). The government asserts that it believes it has already disclosed all Brady material in its possession. (Docket No. 12 at page 3).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed.

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

2

Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under <u>Brady</u>, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted <u>Brady</u> to require disclosure "at the appropriate" time, which often is prior to trial); <u>U.S. v. Perez</u>, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing <u>Brady</u> material violates due process only if the delay prevented the defendant from receiving a fair trial); <u>U.S. v. Ziperstein</u>, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of <u>Brady</u> material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see <u>U.S. V. Wilson</u>, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); <u>U.S. Biaggi</u>, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); <u>U.S. V. Feldman</u>, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose <u>Brady</u> impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under <u>Brady</u> principles. To this extent, it has been suggested that the constitutional requirements underlying <u>Brady</u> could act to modify the Jencks Act. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852, 860 (5th Cir. 1979). But see <u>U.S. v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks

3

material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Identity of Informants**

The defendant seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the

government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The government contends that, based upon the discovery materials already provided, the defendant "should be aware of those persons who have provided the government with information in the course of this investigation." (Docket No. 12 at page 3). The defendant has not disputed this assertion..

## Rule 404 Evidence

Wilson requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use evidence of any such prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

## Rule 12 Notice

Pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, the defendant has requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. If government has not already done so, the government is directed to respond to the Rule 12 notice request.

## Bill of Particulars

The defendant seeks a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a bill of particulars. Bills of particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).

In the instant case, the government has produced substantial discovery to the defendants. Upon review of the indictment, the defendant has not demonstrated that further particularization is required to protect him from double jeopardy or to enable him to adequately prepare a defense and avoid surprise at trial.

## Request under Rule 807

Pursuant to Rule 807 of the Federal Rules of Evidence, the defendant has requested disclosure of statements, subject to the residual exception of that rule, which the government intends to use at trial. If the government should determine that it will attempt to introduce such hearsay statements, the government is directed to notify the defendants of such at the time it submits its pretrial memorandum with the District Court.

**Preservation of Evidence and Rough Notes**

The defendant has requested the preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve such information.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 8, 2010